# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

MICHAEL QUINN                                          PETITIONER
Reg. #44373-037

VS.                          2:15CV00080 BSM/JTR


C V RIVERA, Warden,
Warden, FCC - Forrest City Low                         RESPONDENT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Petitioner, Michael Quinn ("Quinn"). *Doc.1*. He argues that his federal sentence has not been properly adjusted under the Sentencing Guidelines.

Before addressing Quinn's habeas claim, the Court will review the relevant procedural history of the case.

On June 9, 2009, Quinn was arrested by Maryland authorities on state charges. *Doc. 5-1 at 1*. On June 11, 2009, he was released on bond. *Id.*

The same day he made bond, a federal arrest warrant was issued based on a criminal complaint that charged Quinn with being a felon in possession of a firearm. *United States v. Quinn*, D. Md. Case No. 1:09mj02166. The federal charge was based on the same alleged criminal conduct supporting the state charges.[1] *Doc. 5-1 at 14*.

On August 4, 2009, Quinn was arrested on the federal warrant, and, after his initial appearance before a United States Magistrate Judge in the United States District Court for the District of Maryland, he was detained and remanded to the custody of the United States Marshal's Service ("USMS"). Quinn was subsequently charged by Indictment with being a felon in possession of a firearm and possessing materials used to manufacture a controlled substance. *United States v. Quinn*, D. Md. Case No. 1:09CR00442 ("*Quinn I*").

On August 17, 2010, a federal jury convicted Quinn of: (1) being a felon in possession of a firearm; and (2) possessing materials used to manufacture a

---

[1] On July 14, 2009, the state case was *nolle prossed*. *Doc. 5-1 at 1*.

controlled substance. On October 19, 2010, he was sentenced to 77 months, and remanded to the BOP to serve his sentence.[2] *Doc. 5-1 at 27.*

On October 6, 2011, Quinn was indicted, in the United States District Court for the District of Maryland, on charges of a racketeering conspiracy. *United States v. Quinn*, D. Md. Case No. 1:11CR00547 ("*Quinn II*"). On April 16, 2013, he entered a guilty plea and was sentenced to "96 months [in the BOP] to run concurrent with [the] sentence imposed in [*Quinn I*]." *Doc. 5-1 at 37.* Quinn did *not* appeal his sentence in *Quinn II* or pursue § 2255 relief.

The BOP then calculated a single aggregate term for the so-called "concurrent overlap" sentences in *Quinn I* and *Quinn II*. *See* 18 U.S.C. § 3584(c) (requiring the BOP to treat multiple concurrent sentences "for administrative purposes as a single, aggregate term of imprisonment."). The total length of the aggregate sentence resulting from running the 77-month sentence in *Quinn I* (imposed on October 19, 2010) concurrent with the 96-month sentence in *Quinn II* (imposed on April 16, 2013) was a sentence of 126 months and 6 days, with a "full term date" of April 25, 2021. After giving Quinn 444 days of prior custody credit (for his time in pretrial custody before the imposition of his first sentence in *Quinn I*), and, projecting the good-time credits he was expected to earn, his "satisfaction date" was calculated to be September 29, 2018.

---

[2] On July 10, 2012, the Fourth Circuit affirmed his conviction in *Quinn I. United States v. Quinn*, 487 Fed. Appx. 787 (4th Cir. 2012) (*per curiam*).

3

Quinn initiated this § 2241 habeas action on June 3, 2015.[3] *Doc. 1*. He argues that his 96-month sentence in *Quinn II* is entitled to an "adjustment" under U.S.S.G. § 5G1.3(b)(1), which should reduce that sentence from 96 months to 48 months. *Doc. 1 at 4*.

Respondent argues that: (1) Quinn's claim is not cognizable in a § 2241 habeas action; and (2) he has failed to exhaust his administrative remedies. *Doc. 5*.

For the reasons discussed below, the Court recommends that this habeas action be dismissed, without prejudice.

## II. Discussion

Quinn argues that, under § 5G1.3(b)(1), his 96-month sentence in *Quinn II* should be credited with the entire amount of time that he was detained or incarcerated *before* the sentence in *Quinn II* was imposed.[4] Based on Quinn's calculation, his 96-month sentence in *Quinn II* should have been adjusted by the

---

[3] When he initiated this action, Quinn was a prisoner in the FCI in Forrest City. On December 7, 2015, Quinn filed a change of address indicating that he had been transferred to FCI Fort Dix in New Jersey. *Doc. 9*. However, this transfer in no way affected this Court's continuing jurisdiction over this case. The proper respondent in a habeas action is the petitioner's "immediate custodian" *at the time of filing*. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Moreover, a petitioner's post-filing transfer does not generally defeat § 2241 jurisdiction. *See Mujahid v. Daniels*, 413 F.3d 991, 993-94 (9th Cir. 2005); *United States v. Foster*, 4 Fed. Appx. 605, 607 n.3 (10th Cir. 2001) (unpublished); *White v. Lamanna*, 42 Fed. Appx. 670 (6th Cir. 2002).

[4] A federal sentence commences when it is imposed. 18 U.S.C. § 3585(a). Moreover, it is the BOP, not the sentencing court, which has the authority to calculate the award of "credit" against a federal sentence. *See* 18 U.S.C. 3585(b); *United States v. Wilson*, 503 U.S. 329, 333–35 (1992).

A sentencing court, however, has the authority, under § 5G1.3(b)(1), to effectively fashion a sentence that accounts for time already served on a prior undischarged sentence by *adjusting the sentence*. "If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction [under § 1B1.3(a)] the sentence for the instant offense shall be imposed as follows: (1) *the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the [BOP]*; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(1)-(2) (emphasis added). Thus, the adjustment has the practical effect of making a sentence "retroactively concurrent" with a prior undischarged sentence.

sentencing court to approximately 48 months. *Doc. 1 at 4*. Quinn claims that this was discussed by the parties at his sentencing hearing and the sentencing court announced its intent to do so.[5]

There is nothing in the Judgment and Commitment Order in *Quinn II* that reflects a § 5G1.3(b)(1) sentencing adjustment. *Doc. 5-1 at 36-41, 69-72*. More importantly, even if Quinn is correct that the sentencing court intended to adjust his sentence in *Quinn II*, but mistakenly failed to do so, it is well established that habeas relief under § 2241 is *not* the proper remedy. *See Majeed v. Walton*, 2015 WL 4594157, *4 (S.D. Ill. July 30, 2015) ("The argument that the sentencing court misapplied (or failed to apply) U.S.S.G. § 5G1.3 is not cognizable in a § 2241 petition."); *Gravel v. Fox*, 2014 WL 4676497, *9 (E.D. Cal. Sept. 18, 2014) ("this court has no authority [under § 2241] to correct or adjust petitioner's sentence under § 5G1.3. Motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court."); *Gravitt v. Veach*, 229 F. App'x 417, 418-19 (7th Cir. 2007) (inmate's contention that the sentencing court "misapplied" § 5G1.3 "attacks the imposition, not the execution, of his federal sentence" and must be brought under § 2255 or on direct appeal); *Savage v. Zickefoose*, 446 Fed.

---

[5] Because Quinn did not appeal his sentence, no transcript of the sentencing hearing was prepared. In response to an inquiry from the BOP, the court reporter emailed that "[t]he judge [in *Quinn II*] sentenced Mr. Quinn to 96 months to run concurrent with the sentence [*in Quinn I*] . . . [t]he judge stated it would be 19 months more than [the sentence in *Quinn I*]." *Doc. 5-1 at 74*. The Assistant United States Attorney in *Quinn II* emailed the BOP noting that the plea agreement in the case was a "C-plea (agreed by the parties and the Court) sentence to run concurrent to his sentence in [*Quinn I*] imposed on 10/19/10. A handwritten note on the plea agreement says that incarceration for that offense dated back to 8/4/09." *Doc. 5-1 at 76*.

Appx. 524, 525-26 (3d Cir. 2011) (inmate must proceed under § 2255, not § 2241, with claims that the sentencing court should have adjusted his sentence under § 5G1.3(b)).

In substance, Quinn's argument that the sentencing court did not properly apply a sentencing adjustment under § 5G1.3(b)(1) is a challenge to the *validity* of his sentence which must be made in a § 2255 motion filed with the *sentencing court*. *See Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). A federal court in the district of incarceration can entertain a § 2241 habeas petition challenging the validity of a sentence only if "it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention." § 2255(e) (emphasis added).

As previously noted, Quinn did *not* appeal his sentence in *Quinn II* or file a § 2255 motion in the sentencing court. While filing such a motion now may be deemed untimely, this does *not* render that remedy "inadequate" or "ineffective" so as to allow Quinn to utilize § 2241 to challenge his sentence. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (to establish inadequacy or ineffectiveness, a prisoner must demonstrate "more than a procedural barrier to bringing a § 2255 petition," such as "allow[ing] the one year statute of limitations ... to expire). Thus,

Quinn has not demonstrated the inadequacy and ineffectiveness of his § 2255 remedy in the sentencing court.[6]

Accordingly, this Court lacks jurisdiction over this § 2241 habeas action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DENIED, and the case be dismissed, without prejudice.

Dated this 29th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] Finally, Quinn appears to concede in his papers that the BOP has correctly calculated his sentences as they are reflected in his Judgment and Commitment Orders. *Doc. 6 at 3* ("petitioner makes it clear that the BOP cannot correct this issue and that it must be corrected by the Court."). Insofar as Quinn may be asserting a § 2241 habeas claim that the BOP has improperly calculated his sentences, it should be dismissed, without prejudice, due to his failure to exhaust administrative remedies. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). While Quinn has filed four grievances contesting his sentence calculation, he has not pursued any appeals to the higher tiers of the BOP administrative remedy program. *Doc. 5-1 at 5, 48*; *see also* 28 C.F.R. § 542.10-15 (explaining the steps in the administrative remedy program).